UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT L. M.,

                Plaintiff,

                                                                                                  8:18-CV-0208

v.                                                                                              (GTS)

NANCY BERRYHILL
*Acting Commissioner of Social Security*,

                              Defendant.
_____

APPEARANCES:                                                    OF COUNSEL:

LEGAL AID SOCIETY OF NORTHEASTERN NY       CHRISTOPHER E. COOPER, ESQ.
  Counsel for Plaintiff
17 Hodskin Street, P.O. Box 648
Canton, New York 13617

SOCIAL SECURITY ADMINISTRATION             ANDREEA L. LECHLEITNER, ESQ.
OFFICE OF GENERAL COUNSEL–REGION II       Special Assistant U.S. Attorney
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this action filed by Robert L. M. ("Plaintiff") against the Commissioner of Social Security ("Defendant") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), is Plaintiff's motion for judgment on the pleadings and Defendant's motion for judgment on the pleadings. (Dkt. Nos. 10, 11.) For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is denied and Defendant's motion for judgment on the pleadings is granted. The Commissioner's decision denying Plaintiff's disability benefits is affirmed, and Plaintiff's Complaint is dismissed.

I.   RELEVANT BACKGROUND

   A.   Factual Background

Plaintiff was born in 1980, making him 31 years old at the alleged onset date, 33 years old at the application filing date, and 36 years old at the date of the ALJ's decision. Plaintiff reported having a twelfth grade education with a history of special education. The vocational expert found that Plaintiff had past work as a home health aide and an assembly and machine tender for fabricated plastic products. In his application, Plaintiff alleged disability due to bipolar disorder, depression, scoliosis with back pain, diabetes, high blood pressure, and high cholesterol.

   B.   Procedural History

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on June 19, 2014, alleging disability beginning June 1, 2012. Plaintiff's applications were initially denied on September 4, 2014, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff appeared at video hearings before ALJ Marie Greener on April 25, 2016, and September 1, 2016. On November 8, 2016, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. (T. 17-26.) On December 21, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (T. 6-8.)

   C.   The ALJ's Decision

Generally, in her decision, the ALJ made the following six findings of fact and conclusions of law. (T. 19-25.) First, the ALJ found that Plaintiff was insured for benefits under Title II until June 30, 2017. (T. 19.) Second, the ALJ found that Plaintiff has not engaged in

substantial gainful activity since his alleged onset date. (*Id.*) Third, the ALJ found that Plaintiff's learning disorder, affective disorder, and anxiety disorder are severe impairments, while his diabetes mellitus, foot abrasion, tailbone contusion, hypertension, hyperlipedemia, substance abuse, and tardative dyskinisia are not severe impairments, and his scolisis is not a medically determinable impairment. (T. 19-20.) Fourth, the ALJ found that Plaintiff's severe impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). (T. 20-21.) Specifically, the ALJ considered Listings 12.02 (organic mental disorders), 12.04 (affective disorders), and 12.06 (anxiety-related disorders). (*Id.*) Fifth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform

> a full range of work at all exertional levels. Mentally, the claimant is limited to work that does not require more than simple, short interactions with supervisors, co-workers, or the public, and although he may work in proximity to others, the tasks do not require working in conjunction with others, and predominantly involve working with objects rather than people. In addition, the tasks require only simple decision-making, and only routine daily tasks and duties in the same workplace, which do not significantly change in pace or location on a daily basis

(T. 21.) Sixth, the ALJ found that Plaintiff is able to perform his past work as an assembly machine tender for fabricated plastic parts. (T. 25.) The ALJ therefore concluded that Plaintiff is not disabled.

### D. The Parties' Briefings on the Motions

#### 1. Plaintiff's Motion for Judgment on the Pleadings

Generally, Plaintiff makes five arguments in support of his motion for judgment on the pleadings. (Dkt. No. 10, at 17-25 [Pl.'s Mem. of Law].) First, Plaintiff argues that the ALJ erred in failing to re-contact the treating physicians before discounting their opinions based on her

suspicions that those opinions were completed by someone other than the physicians. (*Id.* at 17.) Plaintiff argues this suspicion was the only reason the ALJ provided for rejecting the opinions (other than that they contained a statement essentially indicating that Plaintiff was disabled) and that the ALJ therefore had a duty to seek clarification from these sources before rejecting their opinions. (*Id.* at 17-18.) Plaintiff also argues that, even if these opinions were dictated to another party, such methods are appropriate and not grounds for rejecting a treating physician's opinion. (*Id.*)

Second, Plaintiff argues that the ALJ erred in weighing the opinion evidence by (a) failing to specify the amount of weight actually afforded to each opinion by vaguely affording all the opinions "at least some weight," (b) mischaracterizing the statements of the treating physicians indicating that work was "contraindicated" as an opinion that Plaintiff is disabled (and therefore an opinion reserved to the Commissioner) because the regulations define "contraindicated" as "harmful to the patient" and thus these statements are more akin to a functional limitation on the ability to work, (c) rejecting the entirety of the opinions from the treating physicians based on the statements that work was contraindicated rather than providing good reasons for rejecting the opined functional limitations, and (d) failing to acknowledge and address inconsistencies between the various opinions when determining that they were all generally consistent with one another. (*Id.* at 19-23.)

Third, Plaintiff argues that the RFC finding is not supported by substantial evidence because the ALJ failed to incorporate more restrictive limitations present in the opinion evidence. (*Id.* at 23-25.)

Fourth, Plaintiff argues that the credibility determination is not supported by substantial evidence because the ALJ relied on selective portions of the record favorable to her desired finding rather than on the record as a whole. (*Id.* at 24.)

Fifth, and last, Plaintiff argues that the ALJ's Step Four finding is not supported by substantial evidence based on the ALJ's errors in formulating the RFC, pointing to testimony from the vocational expert based on hypothetical questions posed by Plaintiff's counsel that suggest that a finding of greater limitations would have resulted in a finding of disability. (*Id.* at 24-25.)

### 2. Defendant's Motion for Judgment on the Pleadings

Generally, Defendant makes two arguments in support of her motion for judgment on the pleadings. (Dkt. No. 11, at 7-24 [Def.'s Mem. of Law].) First, Defendant argues that there was no duty to re-contact the treating physicians for clarification because the regulations only require such action when there is a gap in the record that prevents the ALJ from rendering a decision, and that no such gap was present. (*Id.* at 16-18.)

Second, Defendant argues that the RFC finding is supported by substantial evidence because the ALJ reasonably relied on the opinion evidence and the record as a whole. (*Id.* at 7-16.) More specifically, Defendant argues that the ALJ properly weighed the opinion evidence and that the moderate and marked limitations highlighted by Plaintiff in his argument do not necessitate a finding of disability simply by virtue of being classified as moderate or marked. (*Id.* at 8-14.) Defendant also argues that the ALJ accounted for even the more-limiting restrictions included in the opinion evidence and that the record does not support Plaintiff's argument that he was essentially unable to handle any stress or to interact with others. (*Id.* at 14-16.)

Third, and last, Defendant argues that the ALJ's credibility finding is supported by substantial evidence because that finding is supported by proper reasons including the medical evidence, treatment non-compliance, the efficacy of treatment, Plaintiff's daily activities, and inconsistencies between Plaintiff's reports of disability and other statements. (*Id.* at 19-24.) Defendant also argues that there is no reason to assume that the ALJ ignored or failed to consider any part of the record when making the credibility determination. (*Id.*)

### 3. Plaintiff's Reply Memorandum of Law

Generally, Plaintiff makes four arguments in reply to Defendant's motion. (Dkt. No. 15, at 3-9 [Pl.'s Reply Mem. of Law].) First, Plaintiff repeats his arguments that the weight the ALJ afforded to the opinions was vague, that she failed to explain why certain limitations were not adopted, and that she failed to resolve inconsistencies in the opinion evidence. (*Id.* at 3-5.) Plaintiff additionally argues that Defendant's argument that a moderate or marked limitation is not always consistent with a finding of disability is irrelevant because the question in this appeal is not whether Plaintiff is disabled based on the opinion evidence, but rather whether those opinions contain greater functional limitations than accounted for in the RFC. (*Id.* at 5-6.)

Second, Plaintiff argues that, because the ALJ applied incorrect standards for weighing the opinion evidence, the Court need not reach whether the decision was supported by substantial evidence, and that remand is warranted for application of the proper standards. (*Id.* at 7.)

Third, Plaintiff argues that Defendant's response to Plaintiff's credibility argument contains post hoc rationalizations that this Court may not consider, namely whether Plaintiff failed to comply with treatment, because the ALJ did not express this as a reason for the adverse

credibility finding. (*Id.* at 7-8.) Plaintiff also argues that he had a good reason to excuse any such non-compliance because he could not fully appreciate his own limitations, need for treatment, or the purposes of his medications due to his mental impairments. (*Id.*)

Fourth, and last, Plaintiff argues that the lack of adequate reasoning in the ALJ's decision makes it impossible for this Court to review that decision. (*Id.* at 9.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.  **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.

> Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

### III.     ANALYSIS

#### A.     Whether the ALJ's RFC Determination is Supported By Substantial Evidence

After careful consideration, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 11, at 7-18 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

The Second Circuit has long recognized the 'treating physician rule' set out in 20 C.F.R. § 404.1527(c). "'[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record.'" *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (quoting Burgess v. Astrue, 537 F.3d 117, 128 [2d Cir. 2008]). However, there are situations where the treating physician's opinion is not entitled to controlling weight, in which case the ALJ must "explicitly consider, inter alia: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the

opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Greek*, 802 F.3d at 375 (quoting *Selian v. Astrue*, 708 F.3d 409, 418 [2d Cir. 2013]). However, "[w]here an ALJ's reasoning and adherence to the Regulations is clear, she is not required to explicitly go through each and every factor of the Regulation." *Blinkovitch v. Comm'r of Soc. Sec.*, No. 3:15-CV-1196, 2017 WL 782979, at *4 (N.D.N.Y. Jan. 23, 2017) (Carter, M.J.) Report and Recommendation adopted by 2017 WL 782901 (N.D.N.Y. Feb. 28, 2017) (Suddaby, C.J.) (citing *Atwater v. Astrue*, 512 F. App'x 67, 70 [2d Cir. 2013]). After considering these factors, "the ALJ must 'comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion.'" *Greek*, 802 F.3d at 375 (quoting Burgess, 537 F.3d at 129). "The failure to provide 'good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand.'" *Greek*, 802 F.3d at 375 (quoting *Burgess*, 537 F.3d at 129-30).

The factors for considering opinions from non-treating medical sources are the same as those for assessing treating sources, with the consideration of whether the source examined the claimant replacing the consideration of the treatment relationship between the source and the claimant. *See* 20 C.F.R. § 404.1527(c)(1)-(6).

As discussed above, Plaintiff's primary arguments are that the ALJ erred in weighing the opinion evidence and formulating the RFC by (a) failing to specify the amount of weight actually given to each opinion, (b) failing to address and resolve inconsistencies between those opinions, and (c) failing to incorporate the full extent of the limitations expressed in the opinions, particularly those of the treating physicians. (Dkt. No. 10, at 19-23 [Pl.'s Mem. of Law].)

In weighing the opinion evidence, the ALJ discussed opinions on Plaintiff's mental functioning from consultative examiner Richard Oman, Ed.D., state agency psychological

consultant H. Ferrin, Ph.D., treating physician John Carthy, M.D., treating psychiatrist Nedim Hukovic, M.D., and treating psychiatrist Angela Leach, M.D., and indicated that she gave "all of these assessments at least some weight and note that they are generally consistent with one another with respect to the claimant's abilities and limitations." (T. 24.) The ALJ additionally stated that she "incorporated their opinions into the claimant's [RFC]." (*Id.*)

The Court finds that, although affording "at least some weight" to all these opinions is somewhat vague, any error in failing to be more specific would be at most harmless error because, contrary to Plaintiff's arguments, the ALJ has not failed to account for the limitations expressed in these opinions, including the opinions from Dr. Leach and Dr. Hukovic. *See Fiducia v. Comm'r of Soc. Sec.*, 16-CV-1317, 2017 WL 4513405, at *4 (N.D.N.Y. Oct. 10, 2017) (Suddaby, C.J.) (collecting cases indicating that failure to weigh opinions that do not conflict with the ALJ's findings or that would not change the outcome of the ALJ's decision is merely harmless error).

On July 22, 2014, Dr. Carthy opined that Plaintiff was moderately limited in interacting appropriately with others, maintaining socially appropriate behavior, maintaining basic standards of personal grooming, and functioning in a work setting with a consistent pace. (T. 1010-11.) On August 22, 2014, Dr. Oman opined that Plaintiff could follow and understand simple directions and instructions, perform simple tasks, maintain attention and concentration, and maintain a regular schedule, but was moderately limited in learning new tasks and relating adequately to others and markedly limited in his ability to make decisions and deal with stress; he also opined that Plaintiff would require supervision for complex tasks. (T. 757.) On September 3, 2014, Dr. Ferrin opined that Plaintiff was able to understand and remember

-11-

instructions and sustain attention and concentration for tasks and may benefit from an environment where he is precluded from intensive interaction with the public or tasks involving a high degree of stress, but appeared capable of routine interactions with coworkers and supervisors. (T. 84-87.) On May 27, 2015, Dr. Hukovic opined that Plaintiff was very limited in maintaining socially acceptable behavior, and moderately limited in interacting appropriately with others and functioning in a work environment with a consistent pace. (T. 1008-09.) In July 2016, Dr. Leach opined the same limitations as those expressed in Dr. Hukovic's May 2015 opinion. (T. 1006-07.)

As discussed above in Part I of this Decision and Order, the ALJ found that Plaintiff was limited to (a) simple, short interactions with supervisors, co-workers and the public, (b) no work in conjunction with others, though he may work in proximity with others, (c) performing work predominantly working with objects rather than people, (d) simple decision-making, and (e) routine daily tasks and duties in the same workplace that do not significantly change in pace or location on a daily basis. (T. 21.)

As can be seen, the ALJ incorporated significant social limitations into the RFC. These limitations appear to account for the limitations present in the opinion evidence. For example, the ALJ accounted for the need to avoid intensive interactions with the public by restricting Plaintiff to only short and simple interactions and work involving objects rather than people. The ALJ also accounted for limits in maintaining socially appropriate behavior and in interacting appropriately with others by greatly restricting the amount of interaction with people required when performing a job. Of note, Plaintiff does not provide any argument as to how the ALJ's social limitations fail to account for the limitations expressed in the opinion evidence.

The ALJ also incorporated limitations specifically addressing decision-making and stress. In particular, the ALJ accounted for the opined marked limitation in decision-making and dealing with stress and moderate limitations in performing work at a consistent pace by restricting Plaintiff to only simple decision-making and routine daily tasks and duties in a consistent workplace that do not significantly change in pace or location on a daily basis. Plaintiff argues that the marked limitation opined by Dr. Oman inherently indicates that Plaintiff is incapable of even simple decision-making, that the limits in decision-making and the type of tasks Plaintiff could perform do not address his ability to deal with stress, and that the ALJ erred in failing to specifically include any additional limitation related to the pace of work. (Dkt. No. 10, at 23-24 [Pl.'s Mem. of Law].) However, Plaintiff points to no evidence supporting his interpretation of these opinions, and, in particular, points to no evidence substantiating the need for such extreme limitations. The evidence in the record certainly does not support Plaintiff's interpretation of Dr. Oman's marked limitation as meaning Plaintiff is incapable of any decision-making; rather, the record is replete with examples of Plaintiff making decisions regarding his health, daily life, and legal issues. As to the moderate limitations opined related to pace, Plaintiff fails to cites any legal authority that such an opinion, if accepted, requires an ALJ to specify the pace of work in order to account for that opinion. Given the evidence failing to establish greater limitations, the Court cannot say that the ALJ's interpretation of these limitations is inappropriate or unsupported by substantial evidence.

In short, contrary to Plaintiff's arguments, the ALJ did precisely what she was expected to do: consider all of the opinion evidence and balance the differing opined limitations in light of the evidence as a whole when formulating the RFC. Because the Court is convinced that the

ALJ truly did adopt all of the limitations in the opinions in some form consistent with the evidence, the ALJ's failure to provide a more specific expression of the weight afforded to each individual opinion is not error meriting remand.

The Court also agrees with Defendant that the ALJ properly rejected the treating physicians' statements that employment was "contraindicated"[1] and that the ALJ had no duty to re-contact these physicians for clarification. As discussed above, the only portion of the opinions from these sources that the ALJ explicitly declined to adopt was their opinion that work was contraindicated  The ALJ specifically stated that she gave little weight to these statements because (a) they appeared to be written by someone other than the physician who signed the form, (b) they contradict the level of impairment otherwise reported in the opinions, and (c) whether a claimant is disabled is an issue reserved to the Commissioner. (T. 24.) Although Plaintiff argues that there was a duty to re-contact based on the first of these reasons, any such duty (if present at all) would nonetheless be mitigated by the fact that the ALJ provided two other valid reasons for declining to rely on these statements. *See Micheli v. Astrue*, 501 F. App'x 26, 28 (2d Cir. 2012) ("A physician's opinions are given less weight when his opinions are internally inconsistent."); *Delossantos*, 2017 WL 4011265, at *7 ("Notably, whether a claimant is disabled is an issued reserved to the Commissioner, and an opinion indicating that a claimant is 'disabled' or 'unable to work' is not entitled to special deference."). Additionally, the ALJ's provision of these two valid reasons unrelated to her suspicions as to the authorship of these opinions is consistent with the regulations and supported by substantial evidence.

---

[1] The Court notes that it is not convinced by Plaintiff's argument that this opinion that employment was contraindicated is something other than an opinion that Plaintiff is disabled. Both amount to a non-functional statement that Plaintiff is unable to work, and therefore both address an issue reserved to the Commissioner. *Delossantos v. Comm'r of Soc. Sec.*, 16-CV-0713, 2017 WL 4011265, at *7 (N.D.N.Y. Sept. 11, 2017) (Suddaby, C.J.).

For all of the above reasons, the Court finds that the ALJ's RFC finding, based on her weighing of the opinion and other evidence, is consistent with the applicable legal standards and supported by substantial evidence. Remand is therefore not warranted on this basis.

### B. Whether the ALJ's Credibility Finding Is Supported By Substantial Evidence

After careful consideration, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 11, at 19-24 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

In determining whether a claimant is disabled, the ALJ must also make a determination as to the credibility of the claimant's allegations. "'An administrative law judge may properly reject claims of severe, disabling pain after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.'" *Schlichting v. Astrue*, 11 F. Supp. 3d 190, 205 (N.D.N.Y. 2012) (Suddaby, J., Bianchini, M.J.) (quoting *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 [N.D.N.Y. 1999] [Kahn, J., Smith, M.J.]). The Second Circuit recognizes that "'[i]t is the function of the [Commissioner], not [reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant,'" and that "[i]f there is substantial evidence in the record to support the Commissioner's findings, 'the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain.'" *Schlichting*, 11 F. Supp. 3d at 206 (quoting *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 [2d Cir. 1983]; *Aponte v. Sec'y, Dep't of Health and Human Servs.*, 728 F.2d 588, 591 [2d Cir. 1984]). Due to the fact that the ALJ has the benefit of directly observing a claimant's demeanor and "other indicia of

credibility," the ALJ's credibility assessment is generally entitled to deference. *Weather v. Astrue*, 32 F. Supp. 3d 363, 381 (N.D.N.Y. 2012) (Kahn, J., Bianchini, M.J.) (citing *Tejada v. Apfel*, 167 F.3d 770, 776 [2d Cir. 1999]).

Here, the ALJ provided a number of reasons for finding that Plaintiff's allegations were not wholly credible, including (a) inconsistencies between his reports of his functional abilities and his demonstrated and reported activities of daily living, (b) the presence of statements indicating that some of the help Plaintiff sought was for the purposes of achieving his goal of obtaining disability benefits rather than for the purposes of treatment, and (c) inconsistencies between his reports of serious mental health symptoms and medical evidence that showed he was doing well on his medication regimen. (T. 24-25.) After reviewing the evidence, the Court finds that these reasons are sufficient to establish that the ALJ's credibility finding was supported by substantial evidence, even when ignoring any additional reasons outlined by Defendant in her memorandum of law. Remand is therefore not warranted on this basis.

C. **Whether the ALJ's Step Four Finding Is Supported By Substantial Evidence**

After careful consideration, the Court answers this question in the affirmative for the following reasons.

"At step four of the analysis, the ALJ must consider whether the plaintiff has the RFC to perform his or her past relevant work." *Grogg v. Comm'r of Soc. Sec.*, No. 5:11-CV-1381, 2014 WL 1312325, at *12 (N.D.N.Y. Mar. 31, 2014) (Mordue, J.) (citing 20 C.F.R. § 404.1520[a][4][iv]). "In order to survive step four, 'the claimant has the burden to show an inability to return to her previous specific job and an inability to perform her past relevant work generally. This inquiry requires separate evaluations of the previous job and the job as it is

generally performed.'" *Grogg*, 2014 WL 1312325, at *12 (quoting *Jasinski v. Barnhart*, 341 F.3d 182, 185 [2d Cir. 2003]). However, "[i]n determining whether a claimant can perform his or her past relevant work as generally performed, '[t]he inquiry ... is not whether a claimant is able to perform the duties of her previous job, but whether the claimant is able to perform the duties associated with her previous 'type' of work.'" *Grogg*, 2014 WL 1312325, at *12 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 33 [2d Cir. 2004]). Therefore, "[t]o meet her burden of proof at step four of the disability determination process, a claimant must demonstrate, not only that she is unable to return to her former work, but also that she is unable to return to her former type of work." *French v. Apfel*, 62 F. Supp. 2d 659, 663-64 (N.D.N.Y. July 14, 1999) (Kahn, J., Smith, M.J.) (citing *Jock v. Harris*, 651 F.2d 133, 135 [2d Cir. 1981]).

Plaintiff's arguments related to Step Four of the sequential evaluation are based on his arguments that the ALJ failed to properly weigh the opinion evidence and incorporate all of Plaintiff's limitations into the RFC, pointing to his own hypothetical questions posed to the vocational expert at the hearing. (Dkt. No. 10, at 24-25 [Pl.'s Mem. of Law].) However, as discussed above in Part III.A. of this Decision and Order, the ALJ properly accounted for the opined limitations in the RFC. The fact that Plaintiff wishes to interpret those limitations in a different way than the ALJ is not persuasive, particularly given the substantial evidence in the record supporting the less extreme interpretation adopted by the ALJ. Plaintiff simply has not shown that the Step Four finding is unsupported by substantial evidence and therefore has not met his burden at this step. Remand is not warranted on this basis.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's decision denying Plaintiff disability benefits is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: October 26, 2018
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
United States District Judge